**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| STEVEN E. HAKE, M.D., | )<br>) |
| Plaintiff, | ) Case No. 2:07-cv-00487-LDG-PAL<br>) |
| vs. | ) **ORDER**<br>) |
| UNUMPROVIDENT CORPORATION, INC., et al., | ) (M/Attorneys' Fees - Dkt. #34)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Before the court is Unum's Request for Attorneys' Fees (Dkt. #34). The court has considered the motion, plaintiff's Response (Dkt. #36), and Unum's Reply (Dkt. #38).

The request for attorneys' fees arises out of the Motion to Compel (Dkt. #28) Unum filed when plaintiff had not responded to a request for production of documents served February 4, 2008. His responses were due March 8, 2008. Counsel followed up on numerous occasions with counsel for plaintiff to obtain the discovery responses. Following a hearing on August 4, 2008 on defendants' motion to compel a medical examination, counsel again conferred, and counsel for plaintiff asked that counsel for defendant wait until August 28, 2008 before filing a motion to compel which the court set for hearing on October 7, 2008. The motion was filed the following day when counsel for plaintiff did not serve responses.

On September 23, 2008, Unum filed a request to vacate the hearing on the motion to compel, indicating that responses were received on September 2, 2008, but pointing out that counsel for plaintiff did not respond to the motion to compel. Although defendant acknowledged the motion to compel was now moot, counsel requested attorneys' fees in the amount of $400 for two hours spent drafting the motion and affidavit and compiling the documentary support for the motion. Plaintiff opposes the

motion for sanctions, arguing the lack of a timely response to the defendant's request for production was an oversight by counsel. Counsel for plaintiff also represents that he orally advised counsel for defendant that his client did not have any additional documents responsive to the request for production and had previously produced all relevant documents. Acknowledging that his response was untimely, counsel for plaintiff argues it would be unjust to assess costs as a result of plaintiff's inadvertent failure to formally respond. Unum replies that counsel for plaintiff acknowledges he was contacted on numerous occasions over several months about his failure to serve these discovery responses, and that he did not file the responses until after the motion to compel was filed. Although Unum ultimately received the responses, it was prejudiced by incurring the attorneys' fees and costs in filing the motion to compel which would have been unnecessary if counsel for plaintiff had complied with the rules.

     Fed. R. Civ. P. 37(a)(5) provides that if a motion to compel discovery is granted or if the discovery is provided after the motion is filed, the court shall, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay reasonable expenses incurred, including attorneys' fees unless the motion (1) was filed without a good faith effort to obtain the disclosure or discovery without court intervention, (2) the opposing party's nondisclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. In this case, counsel for defendant made numerous attempts to obtain the required disclosures over a more than four-month period of time. At the time the motion was filed, the court's discovery plan and scheduling order established a September 4, 2008 discovery cutoff. Thus, counsel for defendant was understandably concerned about the impending discovery cutoff and related case management deadlines. Counsel should not have to file a motion to compel to obtain routine discovery responses needed to preserve the record for dispositive motions and other purposes. The defendants made a good faith effort to resolve this issue without court intervention and plaintiff's failure to respond was not substantially justified. The amount of the attorneys' fees sought are modest, and plaintiff does not dispute the reasonableness of the fees sought. Under these circumstances, the court does not find that an award of these modest attorneys' fees would be unjust. Accordingly,

/ / /

/ / /

**IT IS ORDERED** plaintiff's Motion for Attorneys' Fees (Dkt. #34) is GRANTED, and $400 in attorneys' fees is awarded in favor of the defendant against plaintiff.

Dated this 20th day of November, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE